# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN FERRELL, | ) | CASE NO. 1:15CV1625 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| | ) | |
| MARGARET BRADSHAW, WARDEN | ) | MEMORANDUM OPINION |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman. The Report and Recommendation (ECF #12), submitted on August 31, 2016, is hereby ADOPTED by this Court. As such, Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF # 1) is DISMISSED in part and DENIED in part.

## Procedural and Factual Background

In May 2013, the Cuyahoga County Grand Jury indicted Petitioner on eight counts of rape, four counts of kidnapping, and four counts of gross sexual imposition. (ECF # 8-1, p. 4). The counts involved both Petitioner's daughter and niece when they were young children. (Id. at 108). Petitioner pled not guilty to all counts and the case continued to trial. (Id. at 12). On November 18, 2013, a jury convicted Petitioner of five counts of rape, one count of kidnapping, and one count of gross sexual imposition. (Id. at 14). Additionally, the jury convicted Petitioner of the lesser included offenses of kidnapping, and two additional counts of gross sexual imposition. On November 18, 2013, the trial court sentenced Petitioner to a total of 75.5 years in prison. (Id. at 25).

On November 22, 2013, Petitioner filed a Notice of Appeal and appealed both his conviction and his sentence. (Id. at 41). He raised five assignments of error:

    1)    The jury found, against the manifest of the evidence, that appellant committed the acts alleged in the indictment.

    2)    Because there was insufficient evidence to show venue was proper, the trial court erred as a matter of law in failing to dismiss counts Three, Four, Five, Six, Seven, and Eleven as set forth in the indictment.

        A)    There was insufficient evidence adduced at trial to show that Mr. Ferrell engaged in a "Course of Criminal Conduct."

        B)    There was insufficient evidence adduced at trial to establish that any essential; element of the offense charged in Counts Three, Four, Five, Six, Seven, and Eleven occurred in Cuyahoga County.

    3)    Offenses set forth in Counts Three, Four, Five and Six are allied offenses of similar import and should have been merged for sentencing purposes.

    4)    Appellant was denied effective assistance of counsel in violation of Amendments VI and XIV, United States Constitution; and Article I, Section 10, Ohio Constitution.

    5)    The trial court erred by imposing consecutive sentences.

On appeal, the Eighth District Court of Appeals affirmed the trial court as to the first four assignments of error. (Id. at 125). However, the Court of Appeals sustained the fifth assignment of error, remanding the case for a re-sentencing so that the trial court, "may determine whether the facts and circumstances of the case warrant the imposition of consecutive sentences." (Id.). At the re-sentencing, the trial court imposed the same sentence of 75.5 years in prison, and set forth the appropriate circumstances that warrant the imposition of consecutive sentences. (Id. at 282). Petitioner also filed a Notice of Appeal to the Supreme Court of Ohio where he again asserted improper venue in violation of the Fourteenth Amendment to the U.S. Constitution. (Id. at 132). On March 25, 2015, the Supreme Court of Ohio declined to accept jurisdiction of Petitioner's appeal. (Id. at 180).

On November 7, 2014, Petitioner filed an application pro se to re-open his appeal pursuant

to Ohio App. R. 26(B). (Id. at 181). Petitioner raised two assignments of error:

> 1) Ferrell was denied effective assistance of appellate counsel when counsel failed to raise trial counsel's failure to object to improper opinion testimony by an expert witness, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article One, Section 10 of the Ohio Constitution.
>
> 2) The trial court erred by allowing a social worker to testify she believed the complaining witness was a victim of sexual abuse in violation of due process as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article One, Section Ten of the Ohio Constitution.

On April 15, 2015, the Eighth District Court of Appeals denied Petitioner's application. (Id. at 242).

On May 8, 2015, Petitioner filed another Notice of Appeal with the Supreme Court of Ohio asserting the same arguments as the November 7, 2014 application to re-open his appeal. (Id. at 247). On July 8, 2015, the Supreme Court of Ohio declined to accept jurisdiction of Petitioner's appeal. (Id. at 276).

On August 14, 2015, Petitioner filed the present petition for federal habeas relief. (ECF # 1). This petition raises three grounds for relief:

> 1) Ferrell was denied due process of law under the Fourteenth Amendment to the United States Constitution when the appellate court affirmed venue on an erroneous assertion of similarities between crimes, and fails to address or consider the considerable length of time between the alleged conduct.
>
> 2) Ferrell was denied the effective assistance of appellate counsel, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, when appellate counsel failed to raise trial counsel's failure to object to improper opinion testimony.
>
> 3) Ferrell was denied due process as guaranteed under the Fourteenth Amendment to the United States Constitution when the trial court allowed a social worker to testify she believed the complaining witness was a victim of sexual abuse, based solely on the victim's allegations.

On October 28, 2015, Respondent answered Petitioner's habeas complaint. (ECF # 8).

Pursuant to 28 U.S.C. § 636 and Local Rule 72.2, this matter was referred to Magistrate Judge William H. Baughman for the preparation of a report and recommendation. Magistrate Judge Baughman issued his Report and Recommendation on August 31, 2016, recommending that Petitioner's Writ of Habeas Corpus be dismissed as to Ground One since it is a non-cognizable state law claim, and denied as to Grounds Two and Three on the merits. (ECF # 12). Objections to the Report and Recommendation were to be filed within 14 days of service. This Court granted Petitioner's motion for a 30 day extension of time to file objections. (ECF # 15). On September 28, 2016, Petitioner filed objections to the Report and Recommendation. (ECF # 16).

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Accordingly, this Court will review the Report and Recommendation, to which timely objections have been filed, de novo. *See Dacas Nursing Support Sys., Inc. v. NLRB*, 7 F.3d 511 (6th Cir. 1993).

**Conclusion**

The Court has reviewed the Report and Recommendation, and all of the pleadings, affidavits,

motions and filings of the parties de novo, and agrees with the findings of Magistrate Judge Baughman. The Report and Recommendation of Magistrate Judge Baughman (ECF # 12) is ADOPTED. Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF # 1) is DISMISSED in part and DENIED in part.

Petitioner asserts objections to Magistrate Baughman's decision on all three grounds. As to Ground One, Petitioner objects that Magistrate Baughman's "position is in direct conflict with *Williams v. Cook*, 2015 U.S. Dist. LEXIS 50265." (ECF # 16, p. 2). Petitioner's objection is without merit. In *Williams*, although the Southern District of Ohio recognized that state criminal convictions may be reviewed on a federal habeas appeal under the Fourteenth Amendment, the court also explained that a state criminal conviction may only be reversed if the conviction was not "supported by sufficient evidence on each element."*Williams v. Cook*, No. 1:14 CV 235, 2015 WL 1737276, at *7 (S.D. Ohio Apr. 16, 2015). The *Williams* court also emphasized the deference that federal courts are to give both state courts and juries when reviewing state law claims. *Id.* at *8.

Magistrate Judge Baughman's recommendation does not conflict with the *Williams* decision. Magistrate Judge Baughman correctly articulated the relevant law and recognized that although some state law claims are cognizable in a federal habeas petition, a "failure to establish venue is not grounds for federal habeas relief, because 'in the absence of bad faith on the part of the Government or prejudice to the defendant, improper venue will not ordinarily result in the miscarriage of justice,' and presents no extraordinary need for post-conviction relief." (ECF # 12, p. 24-25); *see Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir. 1978). Because improper venue is not an appropriate ground to assert in a habeas petition, Petitioner's First Ground for relief is DISMISSED.

As to Grounds Two and Three, Petitioner objects to Magistrate Judge Baughman's

determination that because state courts are the final authority on state law issues, he must defer to the state appellate court's decision regarding the ineffective assistance of counsel claims. In his objections, Petitioner, asserts factual arguments as to why his trial and appellate counsel were ineffective. (ECF # 16). Magistrate Judge Baughman correctly determined that Petitioner's Second and Third Grounds were without merit. Magistrate Judge Baughman extensively reviewed the state court record and found that the state court reasonably determined Petitioner's counsel to be effective under the *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668 (1984). Upon review, it is clear that appellate counsel's failure to raise issues of trial counsel's failure to object to a social worker's "improper opinion testimony" concerning a victim's abuse allegations did fall below an objective standard of reasonableness. This Court agrees that Petitioner "could not establish that the claim[s] likely would have been successful had counsel raised [them]." (ECF # 12, p. 37). Therefore, Petitioner's Second and Third Grounds are DENIED.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

>(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. For the reasons thoroughly discussed in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that this Court's assessment of Petitioner's claim is debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

                                                                    /s/Donald C. Nugent
                                                                    DONALD C. NUGENT
                                                                    United States District Judge

DATED:  October 27, 2016